UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| **SHACHEL VICTOR MILLS,** **Plaintiff,** | ) | **JURY TRIAL DEMANDED** |
| **v.** | ) | **Case No.** 8:26-CV-2623-KKM-NHA |
| | ) | SEP 8 2026 PM 1:37 FILED - USDC - FLMD - TPA |
| **EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES LLC; and TRANS UNION LLC,** **Defendants.** | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

Plaintiff Shachel Victor Mills ("Plaintiff"), a consumer protected under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, brings this action against Defendants Experian Information Solutions, Inc. ("Experian"), Equifax Information Services LLC ("Equifax"), and Trans Union LLC ("TransUnion") (collectively, "Defendants") for their negligent and willful violations of the Fair Credit Reporting Act. Plaintiff seeks actual, statutory, punitive, and other available damages arising from Defendants' failure to maintain reasonable procedures to assure the maximum possible accuracy of the information contained in Plaintiff's consumer reports and their failure to conduct reasonable reinvestigations after receiving notice of Plaintiff's disputes, in violation of 15 U.S.C. §§ 1681e(b) and 1681i(a).

### II. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331 because this action arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in Wesley Chapel, Pasco County, Florida, within this judicial district, and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred within this District. Plaintiff's consumer credit reports were prepared, maintained, and furnished to third parties concerning Plaintiff while he resided within this District, and Plaintiff suffered the injuries complained of herein within this District.

## III. PARTIES

3. Plaintiff Shachel Victor Mills ("Plaintiff") is a natural person residing at 7007 Belt Link Loop, Wesley Chapel, Florida 33545. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

4. Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f). Experian regularly engages in the business of assembling, maintaining, evaluating, and furnishing consumer credit information to third parties for monetary fees or on a cooperative nonprofit basis. At all times relevant herein, Experian conducted substantial business throughout the State of Florida and regularly prepared and furnished consumer reports concerning Florida consumers, including Plaintiff.

5. Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f). Equifax regularly engages in the business of assembling, maintaining, evaluating, and furnishing consumer credit information to third parties for monetary fees or on a cooperative nonprofit basis. At all times relevant herein, Equifax conducted substantial business throughout the State of Florida and regularly

prepared and furnished consumer reports concerning Florida consumers, including Plaintiff.

6. Defendant Trans Union LLC ("TransUnion") is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f). TransUnion regularly engages in the business of assembling, maintaining, evaluating, and furnishing consumer credit information to third parties for monetary fees or on a cooperative nonprofit basis. At all times relevant herein, TransUnion conducted substantial business throughout the State of Florida and regularly prepared and furnished consumer reports concerning Florida consumers, including Plaintiff.

## IV. FACTUAL ALLEGATIONS

7. Plaintiff reviewed his consumer credit files maintained by Defendants Experian Information Solutions, Inc. ("Experian"), Equifax Information Services LLC ("Equifax"), and Trans Union LLC ("TransUnion") and discovered that each Defendant was reporting multiple derogatory tradelines and other adverse credit information that Plaintiff disputed as inaccurate, misleading, incomplete, or otherwise unverifiable.

8. The disputed information included derogatory accounts reported by, among others, Navy Federal Credit Union, JPMCB Card Services, GS Bank USA, Pentagon Federal Credit Union, Capital One, Klarna, and Loqbox Finance, as reflected on the respective consumer reports maintained by Defendants.

9. Plaintiff exercised his rights under the Fair Credit Reporting Act by submitting written disputes concerning the disputed tradelines to Defendants and requesting that Defendants conduct reasonable reinvestigations and correct or delete inaccurate, incomplete, misleading, or otherwise unverifiable information appearing on his consumer reports.

10. Plaintiff provided Defendants with sufficient information to identify the disputed accounts and requested that Defendants conduct reasonable reinvestigations and correct or delete any inaccurate, incomplete, misleading, or otherwise unverifiable information appearing on Plaintiff's consumer reports.

11. Following Plaintiff's disputes, Defendants represented that they conducted reinvestigations of the disputed information. Experian issued dispute results dated January 22, 2026, reflecting that certain disputed tradelines were updated while other disputed tradelines were verified and remained on Plaintiff's consumer report. Equifax likewise represented that it investigated Plaintiff's disputes and issued written responses in connection with Plaintiff's Consumer Financial Protection Bureau ("CFPB") complaint.

12. Despite completing their respective reinvestigations, Defendants continued reporting numerous disputed derogatory tradelines on Plaintiff's consumer credit reports, including tradelines associated with Navy Federal Credit Union and JPMCB Card Services, among others.

13. Plaintiff subsequently obtained updated consumer credit reports from Experian, Equifax, and TransUnion, which confirmed that the disputed derogatory tradelines continued to appear after Defendants completed their respective reinvestigation processes.

14. The disputed derogatory information remained on Plaintiff's consumer reports after Defendants completed their reinvestigations and continued to be furnished to third parties, thereby adversely affecting Plaintiff's creditworthiness and ability to obtain credit.

15. On or about January 30, 2026, Plaintiff applied for consumer credit with SoFi Bank, N.A. Plaintiff's application was denied based, at least in part, upon information contained in Plaintiff's consumer credit reports. The adverse action notice identified multiple credit-

related factors, including serious delinquency, the presence of delinquent accounts, and insufficient revolving credit characteristics.

16. Despite receiving Plaintiff's disputes and representing that reinvestigations had been completed, Defendants continued reporting disputed derogatory information on Plaintiff's consumer reports. Upon information and belief, Defendants failed to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer reports and failed to conduct reasonable reinvestigations as required by the Fair Credit Reporting Act.

17. As a direct and proximate result of Defendants' conduct, Plaintiff suffered actual damages, including emotional distress, anxiety, frustration, embarrassment, diminished creditworthiness, loss of credit opportunities, denial of credit, damage to his credit reputation, and other economic and non-economic damages to be proven at trial.

## V. FIRST CLAIM FOR RELIEF

**(Against Defendants Experian Information Solutions, Inc., Equifax Information Services LLC, and Trans Union LLC)**

**Violation of the Fair Credit Reporting Act**

**15 U.S.C. § 1681e(b)**

**Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**

18. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as though fully set forth herein.

19. At all times relevant to this action, Defendants were consumer reporting agencies subject to the requirements of the Fair Credit Reporting Act, including 15 U.S.C. § 1681e(b).

20. Pursuant to 15 U.S.C. § 1681e(b), Defendants were required to follow reasonable procedures to assure the maximum possible accuracy of the information contained in Plaintiff's consumer credit reports before furnishing those reports to third parties.

21. Defendants prepared, maintained, and furnished consumer reports concerning Plaintiff that included disputed adverse credit information that Plaintiff contends was inaccurate, misleading, incomplete, and/or otherwise unverifiable. Despite Plaintiff's disputes and subsequent reinvestigations, Defendants continued reporting disputed derogatory information on Plaintiff's consumer reports.

22. Upon information and belief, Defendants failed to follow reasonable procedures to assure the maximum possible accuracy of the information contained in Plaintiff's consumer reports, thereby causing inaccurate, misleading, incomplete, and/or otherwise unverifiable information to continue appearing in Plaintiff's consumer files and consumer reports.

23. As a direct and proximate result of Defendants' failure to maintain reasonable procedures as required by 15 U.S.C. § 1681e(b), Plaintiff suffered actual damages, including but not limited to emotional distress, anxiety, frustration, embarrassment, diminished creditworthiness, denial of credit opportunities, damage to his credit reputation, and other economic and non-economic damages to be proven at trial.

24. Defendants' conduct constituted willful and/or negligent noncompliance with the Fair Credit Reporting Act. Accordingly, pursuant to 15 U.S.C. §§ 1681n and 1681o, Plaintiff is entitled to recover actual damages, statutory damages to the extent permitted by law, punitive damages for willful noncompliance, costs of suit, attorney's fees where recoverable, and such other relief as this Court deems just and proper.

## VI. SECOND CLAIM FOR RELIEF

**(Against Defendants Experian Information Solutions, Inc., Equifax Information Services LLC, and Trans Union LLC)**

**Violation of the Fair Credit Reporting Act**

**15 U.S.C. § 1681i(a)**

**Failure to Conduct a Reasonable Reinvestigation**

25. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as though fully set forth herein.

26. Plaintiff disputed numerous derogatory accounts appearing on his consumer reports. Depending upon the particular consumer reporting agency, those disputes included accounts associated with Navy Federal Credit Union, JPMCB Card Services, GS Bank USA, Pentagon Federal Credit Union, Capital One, Klarna, and Loqbox Finance.

27. Upon receiving Plaintiff's written disputes, Defendants were required under 15 U.S.C. § 1681i(a) to conduct reasonable reinvestigations to determine whether the disputed information was inaccurate and to review all relevant information submitted by Plaintiff in connection with those disputes.

28. Defendants represented that they completed reinvestigations of Plaintiff's disputed information and issued dispute or investigation results. Nevertheless, Defendants continued reporting numerous disputed derogatory tradelines on Plaintiff's consumer credit reports following the completion of their respective reinvestigations.

29. Upon information and belief, Defendants failed to conduct reasonable reinvestigations of Plaintiff's disputes and failed to correct, delete, or otherwise modify inaccurate, misleading, incomplete, and/or otherwise unverifiable information appearing on Plaintiff's consumer credit reports, as required by the Fair Credit Reporting Act.

30. Defendants' conduct constituted willful and/or negligent noncompliance with the Fair Credit Reporting Act in violation of 15 U.S.C. § 1681i(a).

31. As a direct and proximate result of Defendants' willful noncompliance under 15 U.S.C. § 1681n, Plaintiff is entitled to recover actual damages, statutory damages to the extent permitted by law, punitive damages, costs of suit, attorney's fees where recoverable, and

such other relief as this Court deems just and proper. Alternatively, as a result of Defendants' negligent noncompliance under 15 U.S.C. § 1681o, Plaintiff is entitled to recover actual damages, costs of suit, attorney's fees where recoverable, and such other relief as authorized by law.

## VII. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and requests that judgment be entered in his favor and against Defendants Experian Information Solutions, Inc., Equifax Information Services LLC, and Trans Union LLC, and that this Court award the following relief:

A. Actual damages in an amount to be determined at trial pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

B. Statutory damages as authorized by 15 U.S.C. § 1681n for Defendants' willful violations of the Fair Credit Reporting Act;

C. Punitive damages pursuant to 15 U.S.C. § 1681n, in an amount sufficient to punish Defendants and deter similar misconduct;

D. Costs of this action and reasonable attorney's fees to the extent recoverable under the Fair Credit Reporting Act;

E. Pre-judgment and post-judgment interest as permitted by law;

F. Such other and further relief as this Court deems just, equitable, and proper.

Respectfully submitted,

DATED: 8/26/2026

**Shachel Victor Mills**
7007 Belt Link Loop
Wesley Chapel, Florida 33545
***Plaintiff, Pro Se***